KEITH D. YANDELL (BAR NO. 233146)
ALLEN MATKINS LECK GAMBLE & MALLORY LLP
Three Embarcadero Center, 12th Floor
San Francisco, California 94111
Phone: (415) 837-1515
Fax: (415) 837-1516

Attorneys for Defendants
DEFENDANTS TISHMAN SPEYER, L.P. AND
JERRY SPEYER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND BRANCH

| | |
|---|---|
| ANATOLY SMOLKIN, a private California resident,<br><br>Plaintiff,<br><br>vs.<br><br>TISHMAN SPEYER PROPERTIES L.P., a New York limited partnership, JERRY SPEYER, a private New York resident, MILBANK TWEED, HADLEY & McCLOY, a New York limited liability partnership, and MELVIN IMMERGUT, a private New York resident,,<br><br>Defendants. | Case No. CV11 6220 YGR<br><br>[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' SPECIAL MOTION TO STRIKE COMPLAINT<br><br>Hearing Date: March 20, 2012<br>Time: 2:00 pm<br>For appearance at the Oakland Courthouse<br>Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed: 12-13-2011 |

Defendants Tishman Speyer Properties L.P. and Jerry Speyer's (collectively, "Defendants'") special motion to strike complaint came on for hearing on March 20, 2012. Good cause appearing:

IT IS ORDERED that:

Plaintiff Anatoly Smolkin's Complaint is stricken and the case is dismissed with prejudice. California Code of Civil Procedure § 425.16, also known as the anti-SLAPP statute, provides for a procedure to determine whether a lawsuit is considered a SLAPP, and applies in diversity cases such as this. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 973 (9th Cir. 1999). Plaintiff's Complaint attacks

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

833642.01/SF

-1-

Case No. CV11 6220 YGR
ORDER GRANTING DEFENDANTS' SPECIAL MOTION TO STRIKE COMPLAINT

1  Defendants' First Amendment speech and, therefore, is subject to California's anti-SLAPP
2  statute's requirements. *See* Cal. Code Civ. Proc. § 425.16. Plaintiff fails to establish a
3  probability of prevailing on his claims because he attacks Defendants' privileged litigation
4  related conduct. *See* Cal. Civ. Code 47(b); Witkin, Cal. Proc. 5th 2008 Plead, § 1037, p.
5  468; *Dove Audio v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 784 (1996). In
6  addition, Plaintiff fails to establish a probability of prevailing on his malicious prosecution
7  claim for relief because (a) he has not proven that he obtained a favorable outcome in the
8  subject litigation, (b) he admits that he "may have" engaged in the illegal conduct he
9  complains that Defendants reported to police, (c) he does not show that Defendants were
10 the proximate cause of his prosecution, and (d) he fails to establish that Defendants acted
11 with an improper purpose. *Daniels v. Robbins*, 182 Cal.App.4th 204, 224 (2010).

13 Dated: _____

   _____
   Hon. Yvonne Gonzalez Rogers
   United States District Judge

Allen Matkins Leck
Gamble & Mallory LLP
attorneys at law

833642.01/SF

-2-
Case No. CV11 6220 YGR
ORDER GRANTING DEFENDANTS' SPECIAL MOTION TO STRIKE COMPLAINT