United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLY SMOLKIN,<br><br>    Plaintiff,<br><br>vs.<br><br>TISHMAN SPEYER PROPERTIES, L.P. et al.,<br><br>    Defendants. | Case No.: 11-cv-6220 YGR<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION** |

   Plaintiff Anatoly Smolkin ("Plaintiff") brings this action against Defendants Tishman Speyer Properties, L.P., Jerry Speyer, Milbank, Tweed, Hadley & McCloy, and Melvin Immergut. Plaintiff alleges claims for malicious prosecution, abuse of process, defamation, false light, assault, battery, intentional infliction of emotional distress, trespass to chattels, deceit, intentional interference with prospective economic advantage, civil conspiracy, and injunctive relief to set aside improperly filed restraining order.

   Presently before the Court is the motion of Defendants Milbank, Tweed, Hadley & McCloy ("Milbank") and Melvin Immergut ("Immergut") to dismiss the complaint for lack of jurisdiction and for failure to state a claim. (Dkt. No. 12.) In their motion, Milbank and Immergut argue that the complaint should be dismissed because the only basis for jurisdiction offered in the complaint is diversity of citizenship under 28 U.S.C. §1332(a), but the facts show that there is not complete diversity.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss without leave to amend on grounds of lack of jurisdiction.[1]

Diversity jurisdiction can only be established when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (U.S. 2005). In determining citizenship of a partnership for purposes of diversity jurisdiction, "all partners, limited as well as general, must be diverse from all parties on the opposing side." *Id.* at 84 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (U.S. 1990)); s*ee also Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("an unincorporated association such as a partnership has the citizenships of all of its members"). The burden of establishing diversity jurisdiction is on the party seeking to invoke it. *See Littlefield v. Continental Cas. Co.*, 475 F.Supp. 887, 889 (C.D. Cal. 1979).

Milbank is a limited liability partnership, a fact that Plaintiff pleads in his complaint. (Dkt. No. 1 ["Complaint"] at 1:16-17.) Plaintiff also pleaded that Milbank has an office in Los Angeles (id. at ¶13). Further, Plaintiff pleads that he is a California resident. (*Id*. at 2:9-10.)

Milbank's Disclosure Statement (Dkt. No. 13) indicates that Milbank is a partnership and that one or more partners is a citizen of California. More importantly, Milbank has now

---

[1] This motion was originally noticed for hearing on March 20, 2012. Plaintiff failed to file any opposition to that motion, timely or otherwise. On March 8, 2012, the Court issued an Order to Show Cause re: Dismissal of Complaint for Lack of Diversity Jurisdiction, requiring the parties to submit a response in writing no later than March 16, 2012. Plaintiff did not file a written response. On March 16, 2012, the Court issued a Notice to Appear at Hearing, ordering all parties to appear in person at the hearing on March 20, 2012 at 2:00 p.m. Plaintiff did not appear at that time. The Court continued the hearing to April 3, 2012, at 2:00 p.m. to permit Defendant Milbank to file a further declaration in support of its motion. Milbank filed such declaration on March 23, 2012. Plaintiff has filed nothing in the interim.

Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), and based upon Plaintiff's lack of opposition to the motion despite multiple opportunities to oppose, the Court finds that this motion, continued to April 3, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for April 3, 2012.

submitted a declaration demonstrating that one of its partners is a resident and citizen of California, living in Los Angeles County. (Dkt. No. 28.)

Because Plaintiff and one of the Milbank partners are both citizens of California, there is not complete diversity of citizenship for purposes of jurisdiction under 28 U.S.C. §1332(a). Therefore, the motion to dismiss is GRANTED. No leave to amend is granted.

**IT IS SO ORDERED.**

March 30, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**